UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ANTHONY VALLIER, JR., | Case No. CV 12-9405-JGB (RNB) |
| Petitioner, | ORDER TO SHOW CAUSE |
| vs. | |
| RALPH DIAZ (Warden), | |
| Respondent. | |

The Court has reviewed the Fourth Amended Petition for Writ of Habeas Corpus filed by appointed counsel herein on August 19, 2013. Petitioner purports to be alleging two grounds for relief: (1) a due process and equal protection claim based on his being compelled to undergo trial in identifiable jail clothing; and (2) an ineffective assistance of appellate counsel claim based on appellate counsel's failure to raise on direct appeal the foregoing due process and equal protection claim.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State.[1] Exhaustion requires

---

[1] The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the (continued...)

1

that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). The Ninth Circuit has held that a federal court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that ground. See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam), cert. denied, 455 U.S. 1023 (1982); see also Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Here, it appears from the face of the Fourth Amended Petition that petitioner did not present a claim corresponding to his first ground for relief in his sole California Supreme Court filing (i.e., the habeas petition that was filed on February 29, 2012 and denied on May 23, 2012). Thus, petitioner has failed to meet his burden of demonstrating that he has exhausted his state remedies with respect his first ground

---

[1](...continued) applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

for relief.

Petitioner's second ground for relief is governed by <u>Smith v. Robbins</u>, 528 U.S. 259, 276, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000), where the Supreme Court held that California's <u>Wende</u> procedure provides a criminal appellant with an adequate and effective direct appeal. Further, the Supreme Court held that the <u>Strickland</u> standard also applies to claims of ineffective assistance of appellate counsel based on the failure of appellate counsel to raise particular claims on appeal. See <u>id.</u> at 285. A habeas petitioner must show that, but for appellate counsel's objectively unreasonable failure to raise the omitted claims, there is a reasonable probability that the petitioner would have prevailed on appeal. In the absence of such a showing, neither <u>Strickland</u> prong is satisfied. See <u>Pollard v. White</u>, 119 F.3d 1430, 1435-37 (9th Cir. 1997); <u>Miller v. Keeney</u>, 882 F.2d 1428, 1434-35 (9th Cir. 1989).

According to the Fourth Amended Petition, petitioner did raise in his California Supreme Court habeas petition an ineffective assistance of appellate counsel claim based on the failure to raise any issues on appeal. However, if petitioner merely was claiming that his appellate counsel was ineffective for filing a <u>Wende</u> brief, and did not specify the due process and equal protection claim that he now contends appellate counsel rendered deficient performance in omitting, then petitioner did not "fairly present" to the California Supreme Court the ineffective assistance of appellate counsel claim being alleged in the Fourth Amended Petition. The Court notes that petitioner's appointed counsel has failed to provide the Court with a copy of petitioner's California Supreme Court habeas petition. As a result, the Court is unable to compare the ineffective assistance of appellate counsel claim being alleged in the Fourth Amended Petition to the ineffective assistance of appellate counsel claim raised in petitioner's California Supreme Court habeas petition. Without being able to compare the two petitions, the Court has no basis for finding that petitioner has met his burden of demonstrating that he has exhausted his state remedies with respect to this second ground for relief.

If it were clear here that petitioner's unexhausted claims were procedurally barred under state law, then the exhaustion requirement would be satisfied. See Castille v. Peoples, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996); Jennison v. Goldsmith, 940 F.2d 1308, 1312 (9th Cir. 1991). However, it is not "clear" here that the California Supreme Court will hold that petitioner's unexhausted claims are procedurally barred under state law if petitioner were to raise them in a habeas petition to the California Supreme Court (which being an original proceeding is not subject to the same timeliness requirement as a Petition for Review of a Court of Appeal decision). See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405, 244 P.2d 734 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). The Court therefore concludes that this is not an appropriate case for invocation of either statutory "exception" to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court. See 28 U.S.C. § 2254(b)(1)(B).

Under the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition must be dismissed. See Rose , 455 U.S. at 522; see also Coleman v. Thompson, 501 U.S. 722, 731, 115 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); Castille, 489 U.S. at 349. Moreover, the Court notes that this does not appear to be an appropriate case for invocation of the stay-and-abeyance procedure authorized by Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), or the stay-and-abeyance procedure authorized by Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir.), cert. denied, 525 U.S. 920 (1998) and Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007). The

Rhines procedure applies to mixed petitions, and the Kelly procedure applies to fully exhausted petitions. See King v. Ryan, 564 F.3d 1133, 1139-40 (9th Cir.), cert. denied, 130 S. Ct. 214 (2009). The Fourth Amended Petition herein appears to be neither; rather, it appears to be a petition containing solely unexhausted claims. The Ninth Circuit has held in a post-Rhines decision that the stay-and-abeyance procedure does not apply to petitions containing solely unexhausted claims. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). A petition containing solely unexhausted claims must be dismissed. See Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003).

Accordingly, on or before **September 20, 2013**, petitioner is ordered to show cause in writing, if any he has, why this action should not be summarily dismissed without prejudice for failure to exhaust state remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

DATED: August 20, 2013

/s/ Robert N. Block

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE